# United States District Court

### EASTERN DISTRICT OF WISCONSIN

---

RABBI ALEXANDER MILCHTEIN,
ESTER RIVA MILCHTEIN,

        Plaintiffs,

        v.                                    Case No. 13-C-0940

JOHN T. CHISHOLM
LORI KORNBLUM,
ARLENE HAPPACH,
ELOISE ANDERSON,

        Defendants.

        Defendant.

---

### COURT MINUTES
### HONORABLE CHARLES N. CLEVERT, JR., PRESIDING

---

Date: September 9, 2013

Proceeding: Hearing on plaintiffs' motion for temporary restraining order

FTR Start Time: 4:10:45        FTR End Time: 4:32:32

Law Clerk: Joan M. Harms        Court Reporter: FTR Gold

Appearances:    Plaintiff:    Attorneys Jeffrey P. Gallant and Justin L. McAdam
                     Defendant:  Attorney Thomas C. Bellavia

Disposition: Defendants' motion for extension of time to answer complaint and respond to motion for preliminary injunction is granted. (Doc. 13.) Defendants shall answer or otherwise respond to the complaint and motion for preliminary injunction within 21 days of any decision by the Milwaukee County Circuit Court regarding the defendants' request to access relevant documents.

Plaintiffs' motion for temporary restraining order is denied. (Doc. 10.)

Legal Standard: A temporary restraining order is an extraordinary and drastic remedy that should not be granted unless the movant carries the burden of persuasion by a clear showing of (1) reasonable likelihood of success on the merits, (2) no adequate remedy at law, (3) irreparable harm absent injunctive relief outweighing irreparable harm if injunctive relief is granted, and (4) no harm to the public interest. *Goodman v. Ill. Dep't of Fin. & Prof'l Regulation*, 430 F.3d 432, 437 (7th Cir. 2005). Under federal law a temporary restraining order should be restricted to preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters*, 415 U.S. 423, 439, 94 S. Ct. 1113, 39 L. Ed. 2d 435 (1974) (citations omitted).

Notes: Plaintiffs assert that the court has everything it needs to decide the matter. The Federal Rules allow the court to issue a TRO regardless of defendants' concern about access to documents

Plaintiffs' counsel apprises the court that he will be filing a brief supplemental affidavit that does not change the relief requested.

Defendants' counsel argues that he has no access to the documents related to the TRO. Counsel has communicated with his clients and has filed an additional motion with the state children's court today to add to the previous request regarding the recent developments. There are general legal arguments that the defense would like to present even if it does not have access to the factual materials.

The court finds that these matters relate to proceedings under the Wisconsin statutes as to the records are typically sealed. The defendants have taken the requisite steps to obtain those records, which are needed to respond to the complaint. The court will grant defendants' motion for an extension of time (doc. 13). Additionally, the court notes that the defendants are not in a position to respond immediately to the request for a temporary restraining order because relevant records are not available.

Nevertheless, the court is not persuaded at this stage that the plaintiffs have established grounds for relief. In particular, they have asserted that legal proceedings have been ongoing in state court and at least some relief has been obtained. In also appears that at least one of the persons who was a subject of the children's court proceedings is no longer a minor and is not subject to proceedings in

2

the children's court.  While plaintiffs have addressed some actions that have been undertaken by at least some of the defendants to conduct interviews of plaintiffs' children, nothing in the submission demonstrates irreparable harm if the interviews of the children proceed.  Additionally, it appears that the plaintiffs have not set forth sufficient facts to demonstrate a lack of process in the children's court to resolve any differences the defendants may have with defendants in this matter.

The plaintiffs have glossed over whether there is a likelihood of success on the merits.  One of the plaintiffs' claims is that a particular Assistant District Attorney should not be involved in proceedings concerning plaintiffs' children.  However, there is no indication that there are any court proceedings underway that involve this particular Assistant and the children who are the subject of the proposed interviews.  Moreover, there is nothing to suggest that the Assistant District Attorney is doing anything currently which is violative of any rights of the plaintiffs.  Indeed, one of the arguments for injunctive relief concerns the plaintiffs' adult child who is no longer the subject of ongoing legal proceedings in children's court.

With regard to remedies, it would appear that there may be remedies available to the plaintiffs in state court.  At this juncture, the request for the TRO does not mention whether any state court proceedings are being conducted contrary to law.

The court notes that the Milwaukee County District Attorney and the Assistant District Attorney who are named as defendants may be entitled to qualified immunity and that plaintiffs have not addressed this issue.  The same appears to be true with regard to the other named defendants who have been sued in their official capacity.  Considering the plaintiffs' claims appear to relate to actions taken by the defendants in their official capacities and that those actions appear to involve matters within the scope of their employment, the plaintiffs have not shown that they are likely to succeed on their claims.  Moreover, plaintiffs' claims implicate the *Rooker-Feldman* doctrine, and charges of supervisor liability which may preclude relief in this court.  Because plaintiffs have not met their burden to obtain a temporary restraining order, the motion is denied.

When the issues have been properly joined, this case will move forward.  Plaintiffs shall address the *Rooker-Feldman* doctrine, supervisor liability, qualified immunity, adequate remedy at law, irreparable harm, and standing.